NO. 07-05-0181-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 23, 2005


______________________________



MELVYN L. ASKEW, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407,193; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Melvin L. Askew (appellant) appeals the denial of his motion to suppress. We
dismiss for want of jurisdiction.

 The record fails to reflect that 1) a final judgment has been entered in this cause, or
2) sentence has been pronounced in open court. Indeed, according to the docketing
statement executed by appellant, he disclosed that the appeal is interlocutory. Simply put,
we do not have jurisdiction over an interlocutory order denying a motion to suppress
evidence. McKown v. State, 915 S.W.2d 160, 161 (Tex. App.-Fort Worth 1996, no pet.).

 Accordingly, we dismiss the appeal for want of jurisdiction. 

 


 Brian Quinn

 Chief Justice


Do not publish.







en golf tournament but was unable to park in the designated handicapped area
adjacent to the course. At the time, it was reserved for wheelchairs. Instead, an officer
directed him to drive to a local mall. The officer also told him that a bus would return him
to the entrance of the golf course. Woodson drove to the mall, and a bus retrieved him. 
Yet, instead of leaving him at the entrance of the course, the bus stopped about a half a
mile away. From that point, he walked to the course. HGA also had a van operating that
would have taken him directly to the entrance from the mall; yet, Woodson asserted that
this was unknown to him. 

 After performing his tasks as a volunteer and returning home that night, Woodson
allegedly suffered a heart attack. The attack was purportedly caused by the lack of
adequate handicapped parking at the golf course. (2) Consequently, Woodson sued HGA
via causes of action sounding in negligence and premises liability. That is, he alleged that
HGA 1) breached its duty to provide adequate handicapped parking, and 2) failed to
protect him from an unreasonably dangerous condition on the premises (i.e., the lack of
handicapped parking).

 About 14 months after suit was filed, HGA moved for a no-evidence motion for
summary judgment. Several grounds purportedly entitling it to same were alleged. The
trial court granted the motion and signed a final judgment without specifying the particular
ground on which it relied. Thereafter, Woodson appealed.

Issue One - Entry of Summary Judgment


 As previously mentioned, Woodson contends, through his first issue, that the trial
court erred in granting the no-evidence motion for summary judgment "because there was
some evidence of negligence by the HGA." (3) We overrule the point.

 Standard of Review

 The standard governing our review of summary judgments is well settled and need
not be reiterated. Instead, we refer the litigants to Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548 (Tex. 1985) and Kimber v. Sideris, 8 S.W.3d 672, 675 (Tex. App.--
Amarillo 1999, no pet.) for an explanation of same. We also note that because the trial
court did not specify the ground upon which it relied when granting the motion, Woodson
was obligated to illustrate that none of the grounds alleged in the motion supported the
judgment. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); see Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995) (holding that the appellant is obligated to attack
each ground upon which the summary judgment could have been based); Malooly Bros.,
Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (holding the same); Granada BioSciences,
Inc. v. Barrett, 958 S.W.2d 215, 224 (Tex. App.--Amarillo 1997, pet. denied) (stating that
a summary judgment will be affirmed if it rests upon an independent ground to which no
point of error has been assigned).

 

 Application of Standard

 In its motion, HGA generally entitled that portion wherein it alleged its grounds for
summary judgment as "no evidence of essential elements of negligence claim." 
Thereafter, it specified the elements of negligence, e.g., duty, breach, proximate cause,
and damages, and argued that Woodson was obligated to establish them. Then, it said
that the "threshold inquiry . . . is whether the defendant owed a legal duty to the plaintiff,"
that the "determination of whether a legal duty exists is a question of law," and that the
"burden rests on the plaintiffs to present evidence of probative force with respect to each
of these elements." These assertions were then followed by the statement that:

 First, there is no evidence in the case that Defendant HGA breached any
legal duty owed to Plaintiff. There is no evidence that HGA 'failed to
provide handicapped parking' for Plaintiff. Uncontroverted summary
judgment evidence establishes that . . . HGA provided handicapped
parking spaces that were available for use by Plaintiff at Woodlands Mall
and that a van was provided to transport Woodson directly to where he
wished to go . . . Woodson's own self-admitted failure to utilize these
amenities through his own mistake is not negligence on the part of HGA.


(Emphasis in original). To the extent HGA 1) labeled the section of the motion wherein it
recited its grounds for summary judgment as "no evidence of essential elements of
negligence claim," 2) asserted that the existence of a duty was an essential element of
negligence, 3) asserted that the threshold inquiry involved whether "defendant owed a
legal duty to the plaintiff," and 4) alleged that there was no evidence that HGA breached
"any legal duty owed Plaintiff," we construe the grounds for summary judgment to include
both the existence of a legal duty and the lack of evidence of its breach. (4) (Emphasis
added). This is of import since Woodson did not expressly address, on appeal, whether
HGA owed it any duty. He simply contended that there was evidence of a breach. 

 Without briefing the topic of duty and explaining what it was and why HGA owed it
to Woodson, we have no basis upon which to determine whether the record contains
evidence of its breach. And, since the trial court did not specify the grounds upon which
it relied in granting summary judgment, we cannot say that Woodson fulfilled his burden
on appeal of illustrating why none of the grounds supported the decision. 

Issue Two - Premature Motion


 In his second and final point, Woodson argues that the trial court erred in entering
summary judgment "because an adequate time for discovery had not passed." This was
allegedly so because HGA "refused to produce . . . witnesses under [its] control." (5) We
overrule the issue. 

 Rule 166a(i) of the Texas Rules of Civil Procedure states that a party may file a no-
evidence motion for summary judgment "[a]fter adequate time for discovery." Furthermore,
a litigant attempting to defeat such a motion due to the lack of discovery must file an
affidavit explaining the need for the discovery or a verified motion for continuance. 
Tenneco Inc. v. Enterprise Products Co., 925 S.W.2d 640, 647 (Tex. 1996). Woodson
does not contend on appeal that he did either. Nor does the record disclose that he did.

 For instance, the affidavit accompanying Woodson's response to the motion for
summary judgment did not explain the need for further discovery. Through it, counsel for
Woodson simply stated that HGA had agreed to produce a named witness for deposition
and that the witness "failed to appear . . . without prior notice and in violation of the Rule
11 Agreement." What this witness would have said, why it was pertinent to the cause,
whether the substance of the testimony was available elsewhere, and how Woodson was
harmed (assuming he was) by not deposing the witness went unmentioned. Carter v.
MacFadyen, 93 S.W.3d 307, 310 (Tex. App.--Houston [14th Dist.] 2002, pet. denied)
(holding that the litigant must describe, in the affidavit, the evidence sought, its materiality,
and the diligence used to obtain it). Nor did Woodson fill the void on appeal. Again, he
merely alleged that he lacked adequate opportunity to conduct discovery because HGA
"refused" to produce unspecified "witnesses." 

 As to moving for a continuance, no such motion appears in the record before us. 
Nor does Woodson assert that he filed such a motion, as we previously noted. Thus,
neither aspect of the test mentioned in Tenneco was fulfilled. 

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Woodson had a disability tag on his vehicle due to foot problems. He had no physical restrictions
placed on him due to a previous heart attack. 
3. Since nothing is said about the trial court's action viz the claim sounding in premises liability, we
conclude that Woodson does not contest that aspect of the decision.
4. That the existence of a duty was a ground for summary judgment is further exemplified by various
statements in HGA's appellate brief. There, it asserts that "conspicuously absent [from Woodson's appellate
brief] is any reference to a specific common law duty or statutory duty" and "[t]here is no mention [in the
appellant's brief] of any authority whether by statute or case law that defines how this duty can be breached
or what fats [sic] would constitute a breach of that duty." Indeed, before it can be determined whether
evidence of a breached duty exists, the court first must be informed of the duty allegedly breached and its
parameters.
5. The purported "witnesses" go unnamed.