Dismissed and Memorandum Opinion filed March 19, 2009








Dismissed
and Memorandum Opinion filed March 19, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00217-CR

 

____________

 

MICHAEL E. SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
232nd District Court

Harris County, Texas

Trial Court Cause No.
693299

 



 

M E M O R A N D U M   O P I N I O N

In 1996,
appellant was convicted by a jury of possession with intent to deliver between
four and 200 grams of cocaine.  The trial court assessed his punishment at
confinement in prison for forty-five years, enhanced by two prior felony
convictions.  This Court affirmed appellant=s conviction.  See Smith v. State,
No. 14-96-01392-CR (Tex. App.CHouston [14th Dist.] Aug. 31, 1999, pet. ref=d).  








On March
3, 2009, appellant filed a notice of appeal attempting to appeal from the trial
court=s denial of his motion entitled ARequest for Ruling on the Motion for
New Trial on Material Evidence and Keeter Test Hearings, with Subpoena.@  The trial court=s order was dated January 13, 2009,
more than thirty days before appellant=s notice of appeal was filed.

A
defendant=s notice of appeal must be filed within thirty days after an appealable
order is entered.  See Tex. R.
App. P. 26.2(a)(1).  A notice of appeal that complies with the requirements
of Rule 26 is essential to vest the court of appeals with jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not
timely perfected, a court of appeals does not obtain jurisdiction to address
the merits of the appeal.  Under those circumstances it can take no action
other than to dismiss the appeal.  Id.  Appellant=s notice of appeal is untimely to
appeal from a January 13, 2009, order.

In
addition, an appellate court generally has jurisdiction to consider an appeal
by a criminal defendant only if  there has been a final judgment of
conviction.  Workman v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447
(1961);  McKown v. State, 915 S.W.2d 160, 161  (Tex. App.CFort Worth 1996, no pet.). 
Exceptions to the requirement include:  (1) certain appeals while on deferred
adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625
(Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond,
Tex. R. App. P.  31.1; McKown,
915 S.W.2d at 161;  and (3) certain appeals from the denial of habeas corpus
relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.);  McKown,
915 S.W.2d at 161.  The denial of a motion such as that filed by appellant does
not fall within the exceptions to our jurisdictional constraint to consider
only appeals from final judgments of conviction, and therefore, it is not a
separately appealable order. 

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 

Do Not Publish C
Tex. R. App. P. 47.2(b).