NUMBER
13-11-00090-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

____________________________________________________________

 

JORGE
ALBERTO MARTINEZ,                                                   Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                          On
Appeal from the 347th District Court

                                       of
Nueces County, Texas.

____________________________________________________________

 

                                      MEMORANDUM OPINION

 

    Before
Chief Justice Valdez and Justices Rodriguez and Perkes

                               Memorandum
Opinion Per Curiam

 








Appellant,
Jorge Alberto Martinez, pro se, filed a notice of appeal on February 10, 2011, from
a criminal case currently pending against him in the 347th District
Court of Nueces County, Texas.  We dismiss the appeal.

 

A
defendant's notice of appeal must be filed within thirty days after the trial
court enters an appealable order.  See Tex.
R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998).  If an appeal is not timely perfected, a court of appeals does not
obtain jurisdiction to address the merits of the appeal.  Id.  Under
those circumstances it can take no action other than to dismiss the appeal.  Id.


Generally,
a state appellate court only has jurisdiction to consider an appeal by a
criminal defendant where there has been a final judgment of conviction.  Workman
v. State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown v.
State, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.).  Exceptions
to the general rule include: (1) certain appeals while on deferred adjudication
community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex. Crim.
App. 1997); (2) appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus
relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no
pet.); McKown, 915 S.W.2d at 161.

Our
review of the documents before the Court shows that appellant’s case is still
pending in the trial court and it does not reveal any appealable orders entered
by the trial court within thirty days before the filing of appellant's notice
of appeal.  Moreover, the  notice of appeal cannot be construed as premature because
it was filed before the trial court has made a finding of guilt or has received
a jury verdict.  See Tex. R. App.
P. 27.1(b). 

The
Court, having examined and fully considered the notice of appeal and motions
filed by appellant, is of the opinion that there is not an appealable order and
this Court lacks jurisdiction over the matters herein.  Accordingly, this
appeal is DISMISSED for lack of jurisdiction.  All pending motions are
DISMISSED as moot. 

PER CURIAM

Do not
publish.  See Tex. R. App. P.
47.2(b).  

Delivered and filed 

the 10th day of March, 2011.