

# NUMBER 13-11-00556-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CHRISTOPHER RIGGINS,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

### On appeal from the 130th District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Christopher Riggins, filed a notice of appeal on August 24, 2011, from a criminal case currently pending against him in the 130th District Court of Matagorda County, Texas. We dismiss the appeal.

On August 29, 2011, the Clerk of this Court notified appellant that it appeared that there was no final appealable order and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court shows that appellant's case is still pending in the trial court and it does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal. Moreover, the notice of appeal cannot be construed as premature because it was filed before the trial

2

court has made a finding of guilt or has received a jury verdict.   *See* TEX. R. APP. P. 27.1(b).

The Court, having examined and fully considered the notice of appeal and clerk's record, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein.   Accordingly, this appeal is DISMISSED for lack of jurisdiction.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of January, 2012.