**Motion to Dismiss Granted; Dismissed and Memorandum Opinion filed November 20, 2012.**



In The

# Fourteenth Court of Appeals

---

### NOS. 14-12-00985-CR; 14-12-00986-CR; 14-12-00987-CR; 14-12-00988-CR; 14-12-00989-CR; 14-12-00990-CR; and 14-12-00994-CR

---

**KERRY LEE BEAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

### On Appeal from the 268th District Court
### Fort Bend County, Texas
### Trial Court Cause Nos. 12-DCR-059320; 12-DCR-059320A; 12-DCR-059320B; 12-DCR-059451A; 12-DCR-059451B; 12-DCR-060479A; and 12-DCR-059451

---

## M E M O R A N D U M   O P I N I O N

Appellant filed a *pro se* notice of appeal attempting to appeal from the denial of his motion to quash the trial court's October 15, 2012, order granting the State's motion for discovery of his DNA, through a compelled saliva specimen, in connection with a pending criminal charge or charges. Appellant's notice of appeal includes all seven of the above referenced related cause numbers.

Clerk's records have been filed in these appeals.[1] According to the records, appellant was indicted for attempted murder in cause number 12-DCR-059451. Cause numbers 12-DCR-059451A and 12-DCR-059451B reflect that these cases resulted after re-indictments for attempted murder. The attempted murder charge was transferred to the 268th District Court where an arson charge was filed against appellant under cause number 12-DCR-059320 (subsequent reindictments were assigned cause numbers 12-DCR-059320A and 12-DCR-059320B), and an aggravated assault charge was filed in cause number 12-DCR-060479A. Therefore, it appears that there are three pending cases: cause numbers 12-DCR-059451B for attempted murder; 12-DCR-059320B for arson; and 12-DCR-060479A for aggravated assault.

On November 15, 2012, appellant filed a motion to dismiss the appeals filed under numbers 14-12-00988-CR, 14-12-00989-CR, 14-12-00990-CR and 14-12-00994-CR. The motion is granted.

Our records reflect that the State's motion to compel a saliva specimen was filed in cause number 12-DCR-059320B, filed under our case number 14-12-00987-CR. The Fort Bend County District Clerk's office certified that the order granting the State's motion to compel appellant's saliva specimen was signed October 15, 2012, and the order is filed only in cause number 12-DCR-059320B. The records contain no final judgment of conviction in any of these cases.

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only after there has been a final judgment of conviction. *See Workman v. State*, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). There are some limited exceptions, not applicable here, permitting an interlocutory order to be appealed. *See, e.g., Kirk v. State,* 942 S.W.2d 624, 625 (Tex. Crim. App. 1997) (recognizing that certain orders while a

---

[1] It appears from the records in these cases that appellant is *pro se* in the court below and on appeal. The records reflect that an attorney was representing appellant in these cases, but appellant recently waived his right to counsel. A defendant in a criminal case has no right to hybrid representation, which is defined as representation in part by counsel and in part by one's self. *Robinson v. State*, 240 S.W.3d 919, 921 (Tex. Crim. App. 2007).

defendant is on deferred adjudication community supervision may be appealed); *McKown*, 915 S.W.2d at 161 (stating that an interlocutory appeal from the denial of a motion to reduce bond is permitted).

An order denying habeas corpus relief may be appealed to an intermediate appellate court in some circumstances. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). The clerk's records in these cases contain a *pro se* pre-trial application for a writ of habeas corpus challenging the effectiveness of appellant's appointed attorney. Our records contain a pre-trial application for writ of habeas corpus filed on September 25, 2012, and an application filed on October 24, 2012, complaining of the denial of his right to a speedy trial and the trial court's failure to dismiss the indictment. There is no indication in our records that a hearing was conducted or that the trial court signed an order denying habeas relief. Thus, there is no appealable order concerning habeas relief.

In addition, an order granting the State's motion to compel appellant's saliva specimen is not a separately appealable order before a judgment of conviction has been signed. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."). There is no statutory provision permitting an interlocutory appeal from a discovery order such as the order in this case. Therefore, we lack jurisdiction over these attempted appeals.

Accordingly, all of the appeals are ordered dismissed. Appellant's motions to strike, for suspension of the rules, and to consolidate are denied as moot.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Boyce.
Do Not Publish — Tex. R. App. P. 47.2(b).

3