

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00606-CR

PRISCILLA PENA                                                  APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Priscilla Pena filed a notice of appeal challenging the trial court's November 17, 2013 order recommending to the Texas Court of Criminal Appeals that relief on her October 2013 postconviction application for writ of habeas corpus be denied.[2]  In the meantime, as required under article 11.07 of the code

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5 (West Supp. 2013).

of criminal procedure, the trial court clerk transmitted Appellant's application and the trial court's order to the Texas Court of Criminal Appeals, which denied habeas relief.[3]

We sent Appellant a letter notifying her of our concern that we lack jurisdiction over this appeal from a postconviction order and indicating that this appeal could be dismissed absent a response from Appellant or any party showing grounds for jurisdiction. We have received no response.

We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction.[4] We do not have jurisdiction over a postconviction application for writ of habeas corpus in a felony case.[5]

Accordingly, we dismiss this appeal for want of jurisdiction.

---

[3]*See id.*

[4]*See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

[5]*Ex parte Wall*, 2012 WL 5869595, at *9 (Tex. App.—Fort Worth Nov. 21, 2012, no pet.) (mem. op., not designated for publication) (citations omitted); *see* Tex. Code Crim. Proc. Ann. art. 11.07, § 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Texas Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings").

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 1, 2014