

**NUMBER 13-15-00124-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TRINITY RINGELSTEIN,**                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

**On appeal from the 148th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam**

Appellant, Trinity Ringelstein, filed a notice of appeal on March 10, 2015 from an order granting the State's motion for abatement entered by the 148th District Court of Nueces County, Texas, in cause number 12CR2435-E. We dismiss the appeal.

Appellant was indicted on three counts. Appellant was convicted of capital

murder on count 1 and sentence was imposed on October 31, 2014.[1]   The State filed a motion for abatement of counts 2 and 3 until resolution of the appeal on count 1.   On February 5, 2015, the trial court entered an order granting the State's motion for abatement.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order.   *See* TEX. R. APP. P. 26.2(a)(1).   A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction.   *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).   If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal.   *Id.*   Under those circumstances it can take no action other than to dismiss the appeal.   *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction.   *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.).   Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

On March 10, 2015, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and requested

---

[1] The appeal is pending with this Court in cause number 13-15-00088-CR.

correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

The Court, having examined and fully considered the documents on file, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a), (c).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of April, 2015.