

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00145-CR

JOHNATHAN COOPER                               APPELLANT

V.

THE STATE OF TEXAS                                  STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1031532D

----------

## MEMORANDUM OPINION[1]

----------

On April 30, 2015, Appellant Johnathan Cooper filed a notice of appeal challenging the trial court's January 28, 2015 order denying his motion for appointment of postconviction habeas counsel. We sent Appellant a letter notifying him of our concern that we lack jurisdiction over this appeal because this court has no jurisdiction over matters relating to postconviction applications

---

[1]See Tex. R. App. P. 47.4.

under article 11.07 of the code of criminal procedure.[2] We indicated that this appeal could be dismissed absent the filing of a response showing grounds for continuing the appeal. Although we received a response, it does not show grounds for continuing the appeal.

We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction.[3] We do not have jurisdiction over a postconviction application for writ of habeas corpus in a felony case, including a related motion for appointment of counsel.[4]

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2015

---

[2]Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West 2015).

[3]*See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

[4]*Taylor v. State*, No. 14-13-00614-CR, 2013 WL 4816409, at *1 (Tex. App.—Houston [14th Dist.] Sept. 10, 2013, no pet.) (mem. op., not designated for publication); *Ex parte Wall*, No. 02-11-00326-CR, No. 02-11-00517-CR, 2012 WL 5869595, at *9 (Tex. App.—Fort Worth Nov. 21, 2012, no pet.) (mem. op., not designated for publication); *see* Tex. Code Crim. Proc. Ann. art. 11.07, § 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Texas Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings").