

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00226-CR

THOMAS RAY BRADEN, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
TRIAL COURT NO. 2008-0000041M-CR

----------

## MEMORANDUM OPINION[1]

----------

Appellant Thomas Ray Braden, Jr. filed a notice of appeal from the trial court's June 2015 order denying his "Motion for Reconsideration." In that motion, appellant appeared to challenge a final felony conviction.[2]

---

[1]See Tex. R. App. P. 47.4.

[2]In 2012, another court of appeals affirmed this conviction. *See Braden v. State*, No. 08-11-00034-CR, 2012 WL 1067192, at *5 (Tex. App.—El Paso Mar. 28, 2012, no pet.) (not designated for publication).

On September 10, 2015, we sent a letter to appellant to inform him that we received the notice of appeal and that we were concerned that we lack jurisdiction because the trial court's order is not appealable. We informed appellant that unless he filed a response to our letter by September 21, 2015 that showed grounds for continuing the appeal, it could be dismissed. *See* Tex. R. App. P. 44.3. Appellant has not responded.

Generally, we have jurisdiction over a criminal defendant's appeal only when it arises from a judgment of conviction; we do not have jurisdiction to review interlocutory orders or other orders unless that jurisdiction has been expressly granted to us by law. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We do not generally have jurisdiction over proceedings related to a collateral attack of a final felony conviction. *See, e.g.*, *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (explaining that the exclusive postconviction remedy with regard to final felony convictions is through a writ of habeas corpus); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

We are aware of no law that grants us jurisdiction over an appeal from an order denying a postconviction motion that challenges the merits of the conviction. Thus, because appellant has not directed us to any appealable order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also Talkington v. State,* No. 09-15-00320-CR, 2015 WL 5604471, at *1 (Tex.

2

App.—Beaumont Sept. 23, 2015, no pet. h.) (mem. op., not designated for publication) ("Talkington has failed to show any authority granting an intermediate appellate court jurisdiction to consider an appeal from the denial of his post-conviction motion. Accordingly, we dismiss the appeal for want of jurisdiction."); *Carter v. State*, No. 07-14-00296-CR, 2015 WL 1612096, at *2 (Tex. App.—Amarillo Apr. 10, 2015, no pet.) (mem. op., not designated for publication) ("[W]e have found no . . . authority supporting our jurisdiction to entertain an appeal from [a] post-conviction motion to set aside [a] conviction.").

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 12, 2015