**Dismissed and Memorandum Opinion filed December 3, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00867-CR

---

**DAVID EARL SWEED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 14907**

---

## M E M O R A N D U M    O P I N I O N

Appellant was convicted of aggravated sexual assault of a child and sentenced to 45 years' confinement on September 7, 2007. This court affirmed appellant's conviction on October 30, 2008. *See Sweed v. State*, No. 14-07-00772-CR; 2008 WL 4735221 (Tex. App.—Houston [14th Dist.] Oct. 30, 2008, pet. dism'd) (not designated for publication).

On July 17, 2014, appellant filed a motion for post-conviction DNA testing, which was denied August 11, 2014. On August 27, 2014, appellant filed a notice of appeal seeking to challenge the denial of his motion. This court docketed that appeal in

cause number 14-15-00145-CR. On November 6, 2015, appellant filed a second notice of appeal seeking to challenge the trial court's ruling.

A defendant's notice of appeal must be filed within ninety days after the date of the appealable order if a timely motion for new trial is filed. *See* Tex. R. App. P. 26.2(a)(1). Appellant's notice of appeal filed November 6, 2015 is untimely. *Id.* A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances, the court of appeals can take no action other than to dismiss the appeal. *Id.*

To the extent appellant's filing of a notice of appeal on November 6, 2015, is an attempt to appeal the denial of his motion for new trial, we note that generally, an appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The denial of a motion for new trial, unlike the denial of a motion for post-conviction DNA testing, is not a separately appealable order. *See* Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006) (permitting appeal of denial of motion for post-conviction DNA testing). Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Accordingly, this appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).