

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00249-CR
### NO. 02-17-00250-CR
### NO. 02-17-00251-CR

CARLUS LEE WILLIAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
### TRIAL COURT NOS. CR98-110, CR98-111, CR98-112

----------

## MEMORANDUM OPINION[1]

----------

Pro se Appellant Carlus Lee Williams attempts to appeal the trial court's May 2017 denials of his March 2017 motions for new trial attacking three July 1999 judgments and, based on the wording of his notices of appeal, possibly the three July 1999 judgments themselves. Because we have no jurisdiction over

---

[1]*See* Tex. R. App. P. 47.4.

Appellant's appeals of the 1999 judgments or his appeals of the 2017 denials of his motions for new trial, we dismiss these appeals.

## I. Procedural Background

In July 1999, Appellant was convicted in three separate cases of the third-degree felony of unlawful possession of a firearm by a felon.[2] *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 46.04, 1993 Tex. Gen. Laws 3586, 3688 (amended 2001, 2003, and 2009) (current version at Tex. Penal Code Ann. § 46.04 (West 2011)). In March 2017, Appellant filed in each case a pro se motion for new trial based on "material evidence," contending:

1.  The robbery conviction used to enhance his three "weapons violations" from misdemeanors to felonies was not final when he committed those offenses and therefore could not have been used to enhance them; and

2.  His trial counsel was ineffective by not informing him of that fact.

The trial court denied the motion for new trial in each case in May 2017, and Appellant filed a notice of appeal in each case.

## II. Discussion

On August 11, 2017, we notified Appellant of our concern that we lack jurisdiction over his appeals because the notices of appeal are untimely to the extent that they attack the 1999 judgments and because the May 2017 orders

---

[2]This court affirmed a subsequent conviction for another offense of unlawful possession of a firearm in 2004, as well as a conviction for aggravated assault, both with a deadly weapon finding. *See Williams v. State*, Nos. 02-03-099-CR, 02-03-100-CR, 2004 WL 362285, at *1–2 (Tex. App.—Fort Worth Feb. 26, 2004, no pet.) (mem. op., not designated for publication).

denying his motions for new trial are not appealable orders. We stated that his appeals would be subject to dismissal absent a response showing grounds for continuing them. Appellant filed a brief, apparently in response to our letter, but the brief does not show grounds for continuing the appeals.

### A. We Have No Jurisdiction over the Appeals of Appellant's Three Convictions and Sentences from 1999.

A timely notice of appeal is necessary to invoke the appellate jurisdiction of this court. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To the extent that Appellant attacks the trial court's three 1999 judgments, his notices of appeal are untimely. *See* Tex. R. App. P. 26.2(a) (requiring the notice of appeal to be filed within thirty days of sentencing or the suspension of sentence absent a timely motion for new trial and within ninety days of sentencing or suspension of sentence if a timely motion for new trial was filed); *Scott v. State*, No. 07-03-00492-CR, 2004 WL 177627, at *1 (Tex. App.—Amarillo Jan. 27, 2004, no pet.) (mem. op., not designated for publication). Accordingly, we have no jurisdiction over Appellant's appeals to the extent that he challenges the three 1999 judgments. *See Olivo*, 918 S.W.2d at 522; *Scott*, 2004 WL 177627, at *1.

### B. We Have No Jurisdiction over Appeals of the 2017 Orders Denying Appellant's Motions for New Trial Filed in 2017.

We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction. *Billiot v. State*, No. 02-11-00298-CR, 2011 WL 4469232, at *1 (Tex. App.—Fort Worth Aug. 30, 2011, pet. ref'd) (mem. op., not designated for publication); *McKown v. State*, 915 S.W.2d 160,

3

161 (Tex. App.—Fort Worth 1996, no pet.). No Texas statute authorizes a direct appeal from the denial of a motion for new trial independently of the appeal of an underlying conviction. *Billiot*, 2011 WL 4469232, at *1 (citing Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006)). The appeals from the orders denying Appellant's untimely motions for new trial are not associated with timely appeals from his underlying convictions. *See* Tex. R. App. P. 21.4, 26.2(a). We therefore have no jurisdiction over the appeals from the trial court's orders denying Appellant's three untimely motions for new trial.[3] *See Billiot*, 2011 WL 4469232, at *1.

### III. Conclusion

Because we have no jurisdiction, we dismiss these three appeals.

---

[3]The trial court likewise lacked jurisdiction to entertain the motions for new trial. Article 40.001 of the code of criminal procedure provides that motions for new trial shall be granted when material evidence favorable to the accused surfaces after trial. Tex. Code Crim. Proc. Ann. art. 40.001 (West 2006). However, rule 21.4 of the Texas Rules of Appellate Procedure requires that a motion for new trial be filed no later than thirty days after the date the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4. Thus, even motions based on newly discovered material evidence must be filed within thirty days of the trial court's imposition or suspension of sentence in open court. *See Manzella v. State*, No. 01-13-00169-CR, 2014 WL 3778686, at *4 (Tex. App.—Houston [1st Dist.] July 31, 2014, no pet.) (mem. op., not designated for publication); *Kim v. State*, No. 14-02-00738-CR, 2003 WL 253360, at *1 (Tex. App.—Houston [14th Dist.] Feb. 6, 2003, no pet.) (mem. op., not designated for publication); *In re R.V.*, 8 S.W.3d 692, 693 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh'g). A trial court lacks jurisdiction to rule on an out-of-time motion for new trial. *State ex rel. Holmes v. Third Court of Appeals of Tex.*, 860 S.W.2d 873, 876 n.2 (Tex. Crim. App. 1993); *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989). The trial court therefore had no jurisdiction to rule on Appellant's late-filed motions for new trial.

4

PER CURIAM

PANEL:  PITTMAN, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017