**Appeal Dismissed and Memorandum Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00296-CR
## NO. 14-18-00297-CR

**JERRY RAMON NISBY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1532820 and 1583728**

## M E M O R A N D U M   O P I N I O N

In trial court number 1532820 (appeal number 14-18-00296-CR), appellant entered a plea of guilty to aggravated robbery with a deadly weapon. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant to fifteen years' imprisonment. The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The

trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In trial court number 1583728 (appeal number 14-18-00297-CR), appellant was not convicted because the trial court dismissed the case. Generally, appeals in criminal cases may only be taken from final judgments of convictions. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). No exception to the general rule allows an appeal from an order dismissing the case.

Accordingly, we dismiss both appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jamison Wise, and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b)