Kimberly Denise McKOWN, Appellant,

v.

The STATE of Texas, State.

No. 2–95–509–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 18, 1996.

Larry D. Richter, Wichita Falls, for appellant.

John Brasher, Dist. Atty., Wichita Falls, for appellee.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

**OPINION**

PER CURIAM.

Appellant Kimberly Denise McKown appeals the denial of her motion to suppress evidence at her trial for possession of a controlled substance. Because we find that this appeal does not concern an appealable order, we dismiss this appeal for want of jurisdiction.

Before trial, McKown filed a motion to suppress any evidence seized pursuant to her arrest because she claimed the arrest warrant was issued without probable cause. As a result, McKown also wanted to suppress any statements she made after the arrest. The trial court denied the motion on October 12, 1995. McKown filed a notice of appeal from this ruling on October 30.

 McKown is obviously trying to appeal from a pretrial, non-final ruling by the trial court. Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction. *See Workman v. State,* 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (App. 1961). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law. *Ex parte Apolinar,* 820 S.W.2d 792, 794 (Tex. Crim.App.1991). There are narrow exceptions to this rule: (1) defendants on deferred adjudication can immediately appeal rulings on pretrial motions,[1] (2) defendants can appeal the denial of a motion to reduce bond,[2] and (3) a defendant can appeal from the denial of a pretrial application for writ of habeas corpus alleging double jeopardy.[3] McKown's appeal does not fall into any of these exceptions and we have found no statute that would authorize us to address her interlocutory appeal. In fact, the only authority McKown cites us to is Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (Vernon Supp.1996). This statute refers only to the State's right to appeal. According to the Beaumont Court of Appeals, the subsection authorizing the State to appeal the grant of a motion to suppress evidence does not extend to a non-deferred adjudicated defendant. *State v. Clouse,* 839 S.W.2d 459, 463 (Tex. App.—Beaumont 1992, no pet.).

Although there is no definitive Texas common or statutory law on the issue of a defendant's right to appeal the denial of a motion to suppress evidence, federal law is established. The Fifth Circuit has held that such a denial is a non-final interlocutory order

that is not appealable. *United States v. Acosta,* 669 F.2d 292, 293 (5th Cir. Unit B 1982); *see also United States v. Martin,* 682 F.2d 506, 508 (5th Cir.), *cert. denied,* 459 U.S. 1088, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982).

 We find that based on the Fifth Circuit's reasoning and the lack of any statutory authority granting us the power to address this type of interlocutory appeal, we conclude that an order denying a defendant's motion to suppress evidence is not immediately appealable. We dismiss this appeal for lack of jurisdiction.

---

**1.** Tex.Code Crim.Proc.Ann. art. 44.01(j) (Vernon Supp.1996).

**2.** Tex.R.App.P. 44(a).

**3.** *See Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App.1982).