COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-090-CR

 

 

ERIC LOYD                                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Eric Loyd filed a notice of appeal on
March 2, 2006, attempting to appeal from the trial court=s
interlocutory order denying his motion to suppress.  The denial of a motion to suppress may not be
appealed until after the final judgment is entered.  See McKown v. State, 915 S.W.2d 160,
161 (Tex. App.CFort Worth 1996, no pet.).  No final judgment had been entered in this
case when Loyd filed his notice of appeal. 
We cannot treat Loyd=s notice
of appeal as prematurely filed because no judgment of guilt had been entered
when he filed his notice of appeal.  See
Tex. R. App. P. 27.1(b).  Accordingly, we were concerned that we had no
jurisdiction over this interlocutory appeal, and we sent a letter to Loyd on
March 29, 2006, requesting a response showing grounds for continuing the
appeal.  We received no response.  Therefore, we dismiss the appeal for want of
jurisdiction.[2]  See Tex.
R. App. P. 43.2(f).

 

PER
CURIAM

 

PANEL D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: June 8, 2006











[1]See Tex. R. App. P. 47.4.





[2]Loyd is not precluded
from filing a new notice of appeal now that the trial court has made a finding
of guilt.