NO.
12-06-00189-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

EDWARADO YOUNG,        §          APPEAL
FROM THE 145TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Appellant
Edwardo Young appeals the denial of his motion to suppress evidence.  We dismiss this appeal for want of
jurisdiction.

            Appellant
filed a motion to suppress evidence located and seized as a result of
statements he made to the police, contending the statements were
involuntary.  The trial court denied the
motion on April 27, 2006 and denied Appellant’s motion for rehearing on May 17,
2006.  Appellant filed a notice of appeal
on June 12, 2006.

            As a general
rule, we have jurisdiction to consider an appeal by a criminal defendant only
where there has been a judgment of conviction. 
See Workman v. State, 170 Tex. Crim. 621, 343 S.W.2d 446,
447 (Tex. Crim. App. 1961).  A court of
appeals does not have jurisdiction to review interlocutory orders unless that
jurisdiction is expressly granted by law. 
Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App.
1991).  No jurisdiction has been granted
by law permitting courts of appeals to immediately review an order denying a
motion to suppress.  See McKown
v. State, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.).

            On June 12,
2006, we notified Appellant that the information received in this appeal does
not include a final judgment or appealable order.  We further informed Appellant that the appeal
would be dismissed unless the information was amended on or before June 22,
2006 to show the jurisdiction of this Court. 
On June 16, 2006, we received a letter from Appellant’s counsel, urging
that this appeal should not be dismissed because reversal of the trial court’s
order would be dispositive of the case. 
However, counsel did not address this Court’s jurisdiction.

            An order
denying a defendant’s motion to suppress is not appealable where there has been
no judgment of conviction.  McKown,
915 S.W.2d at 161.  Accordingly, this
appeal is dismissed for want of jurisdiction.

Opinion delivered June 21,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)