Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





ALBERTO LARA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00123-CR



Appeal from


County Criminal Court of Law No. 2


of El Paso County, Texas


(TC # 20050C10835)





MEMORANDUM OPINION



 Pending before the Court is the State's motion to dismiss the appeal based on the absence
of a judgment of conviction or appealable order. We grant the motion and dismiss the appeal for
want of jurisdiction.

 Appellant was charged with driving while intoxicated, second offense. He filed a pre-trial
motion to suppress evidence which the trial court denied on March 28, 2006. On May 8, 2006,
Appellant entered a negotiated plea of guilty. The trial court assessed punishment in accordance
with the plea bargain at confinement for one year, probated for eighteen months, and a fine of
$1,000, $500 of which was probated. Appellant filed a motion in arrest of judgment and notice of
appeal on the same day as the guilty plea. On May 8, 2006, the trial court certified that it was a plea
bargain case but Appellant had a right to appeal matters raised by written motion and ruled on prior
to trial. The trial court also granted Appellant's motion in arrest of judgment. The appellate record
was filed and Appellant filed his brief on February 7, 2007 asserting that the evidence "was legally
and factually sufficient [sic] because the State failed to present evidence that Appellant violated the
Texas Transportation Code." The State filed a motion to dismiss alleging that this Court lacks
jurisdiction of the appeal because the trial court granted Appellant's motion in arrest of judgment. 
Appellant has not filed any response to the State's motion.

 Although Appellant states his issue on appeal in terms of legal and factual insufficiency of
the evidence, it is clear that he is attempting to challenge the trial court's pretrial ruling on his motion
to suppress. Generally, we only have jurisdiction to consider an appeal by a criminal defendant
where there has been a judgment of conviction. McKown v. State, 915 S.W.2d 160, 161 (Tex.App.--Fort Worth 1996, no pet.), citing Workman v. State, 170 Tex.Crim. 621, 343 S.W.2d 446, 447
(1961). Rule 22.6 of the Texas Rules of Appellate Procedure provides that if a judgment is arrested,
the defendant is restored to the position that he or she had before the indictment or information was
presented. Tex.R.App.P. 22.6(a). Consequently, we lack jurisdiction of the appeal. See Elizalde
v. State, No. 08-06-00235-CR, 2006 WL 1867951 (Tex.App.--El Paso July 6, 2006, no pet.)(holding
that court lacked jurisdiction of the appeal where trial court had granted motion in arrest of
judgment). We grant the State's motion and dismiss the appeal for lack of jurisdiction.


March 22, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)