

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00570-CR

EX PARTE RIGOBERTO TORRES FARIAS

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rigoberto Torres Farias filed a pro se "Appellant's Notice of Appeal in Habeas Corpus" in which he mentioned code of criminal procedure article 11.07 and prayed that "his appeal in habeas corpus . . . be 'granted' and without prejudice, as 'justice may require' issue an order to the District Clerk to transmit a complete trial record to appellant to consider the unresolved claims to the legality of his conviction." Farias has not provided us with any order from the trial court.

---

[1]*See* Tex. R. App. P. 47.4.

On December 28, 2011, we notified Farias of our concern that we lack jurisdiction over this appeal and informed him that the appeal may be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed a response with the court by January 9, 2012, showing grounds for continuing the appeal. Farias filed a response, but it does not show grounds for continuing the appeal.

We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We have no jurisdiction over post-conviction writs of habeas corpus in felony cases, including appeals involving requests for a free record to pursue a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2011); *Peters v. State*, No. 02-11-00230-CV, 2011 WL 3672035, at *1 (Tex. App.—Fort Worth Aug. 18, 2011) (mem. op., not designated for publication). We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 2, 2012