

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00524-CR**

| | | |
|---|---|---|
| Kenneth Nash Neu | § | From the 371st District Court |
| | § | of Tarrant County (0491203D) |
| v. | § | December 6, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00524-CR

KENNETH NASH NEU                                    APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In 1993, Appellant Kenneth Nash Neu pleaded guilty to indecency with a child, and the trial court sentenced him to thirty-five years' incarceration.[2] He filed a notice of appeal in the trial court in October 2012, and the notice refers to pending motions Appellant had filed in the trial court.

---

[1]*See* Tex. R. App. P. 47.4.

[2]Appellant also pleaded true to enhancement and habitual offender allegations.

On November 6, 2012, we notified Appellant of our concern that we lacked jurisdiction over this appeal because the trial court has not entered any appealable orders, and we informed Appellant that we would dismiss the appeal for want of jurisdiction unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. Although Appellant filed a response, it does not raise grounds for continuing this attempted direct appeal.[3]

Because we generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction, and because the trial court has not entered an appealable order, we dismiss the appeal for want of jurisdiction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 6, 2012

---

[3]To the extent that Appellant seeks to appeal the trial court's alleged refusal to rule on the pending motions, he cannot do so via direct appeal.