02-12-524-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00524-CR

 

 


 
 
 Kenneth
 Nash Neu
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (0491203D)
  
 December
 6, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for want
of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00524-CR

 

 


 
 
 Kenneth Nash Neu
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

In
1993, Appellant Kenneth Nash Neu pleaded guilty to indecency with a child, and
the trial court sentenced him to thirty-five years’ incarceration.[2]
 He filed a notice of appeal in the trial court in October 2012, and the notice
refers to pending motions Appellant had filed in the trial court.

On November
6, 2012, we notified Appellant of our concern that we lacked jurisdiction over
this appeal because the trial court has not entered any appealable orders, and we
informed Appellant that we would dismiss the appeal for want of jurisdiction
unless he or any party desiring to continue the appeal filed a response showing
grounds for continuing the appeal.  Although Appellant filed a response, it
does not raise grounds for continuing this attempted direct appeal.[3]

Because
we generally have jurisdiction to consider an appeal in a criminal case only
when there has been a judgment of conviction, and because the trial court has
not entered an appealable order, we dismiss the appeal for want of
jurisdiction.  See McKown v. State, 915 S.W.2d 160, 161 (Tex. App.—Fort
Worth 1996, no pet.).

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant also pleaded
true to enhancement and habitual offender allegations.





[3]To the extent that
Appellant seeks to appeal the trial court’s alleged refusal to rule on the
pending motions, he cannot do so via direct appeal.