**Dismissed and Memorandum Opinion filed November 26, 2013.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-13-00971-CR**
**NO. 14-13-00972-CR**

---

**REGINALD KEITH BANKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1376089 & 1376090**

---

## M E M O R A N D U M   O P I N I O N

Appellant was charged in two separate indictments for assault of two public servants. In trial court cause number 1376089 appellant entered a guilty plea pursuant to a plea bargain agreement with the State. In exchange for appellant's guilty plea the State agreed to dismiss the indictment in cause number 1376090 and recommend a three-year sentence. In accordance with the terms of the plea bargain

agreement, the trial court dismissed the indictment in cause number 1376090 and sentenced appellant to confinement for three years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed notices of appeal from the judgment in cause number 1376089 and the dismissal in cause number 1376090. We dismiss the appeals.

In trial court cause number 1376089 (appellate court cause number 14-13-00971-CR), the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In trial court cause number 1376090 (appellate cause number 14-13-00972-CR), there is no judgment of conviction because the trial court dismissed the charge pursuant to the plea bargain agreement. Generally, an appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

Accordingly, we dismiss the appeals.


PER CURIAM


Panel consists of Justices McCally, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b)