

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00079-CR

CURTIS LEE SHEPPARD, JR.                                      APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Curtis Lee Sheppard Jr. guilty of a drug offense, and the Dallas Court of Appeals affirmed. *Sheppard v. State*, No. 05-11-00852-CR, 2011 WL 6228341, at \*6 (Tex. App.—Dallas Dec. 14, 2011, pet. ref'd) (not designated for publication). Sheppard then filed in the trial court motions invoking code of criminal procedure chapter 64 (which pertains to DNA testing)

---

[1]*See* Tex. R. App. P. 47.4.

in an attempt to obtain re-weighing of the drugs for which he was convicted of possessing. Tex. Code Crim. Proc. Ann. art. 64.01 (West 2006); *Sheppard v. State*, No. 02-12-00234-CR, 2013 WL 3488264, at *1 (Tex. App.—Fort Worth July 11, 2013, pet. ref'd) (mem. op., not designated for publication). The trial court summarily denied the motions, and on Sheppard's appeal of that ruling, this court affirmed. *Sheppard*, 2013 WL 3488264, at *2.

Sheppard then sought mandamus relief in the trial court to have the drugs re-weighed. The trial court denied relief, and Sheppard has filed another notice of appeal, challenging that denial. We sent Sheppard a letter advising him of our concern that we lacked jurisdiction over this appeal and likely would have to dismiss it unless he filed a response identifying some grounds for continuing it. He has filed a response, which we have reviewed, but it provides no grounds for continuing the appeal. Generally, we have jurisdiction to consider appeals in criminal cases only from a judgment of conviction or from an order that is, by law, appealable. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Because Sheppard has provided no authority for continuing this appeal, we dismiss it for lack of jurisdiction. Tex. R. App. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 8, 2014