

### NUMBER 13-15-00343-CR

### COURT OF APPEALS

### THIRTEENTH DISTRICT OF TEXAS

### CORPUS CHRISTI - EDINBURG

PHILLIP JACKSON, Appellant,

v.

THE STATE OF TEXAS, Appellee.

### On appeal from the 105th District Court
### of Nueces County, Texas.

### MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Phillip Jackson, attempts to appeal the May 20, 2015 decision of the Texas Court of Criminal Appeals' denying his petition for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure in cause number WR-64,680-03. Specifically, the Court of Criminal Appeals "denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing."

On July 8, 2015, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

We generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). This Court does not have jurisdiction to review the court of criminal appeals's decision to deny habeas relief. *Cf. Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App.1991) (stating that court of criminal appeals is the only court with jurisdiction in final post-conviction felony proceedings); *see also Ex parte Gates*, No. 02-14-00103-CR, 2014 WL 1510119, at *1 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (per curiam mem. op., not designated for publication) (stating that an intermediate appellate court lacks jurisdiction to review decisions of the court of criminal appeals).

The Court, having examined and fully considered the documents on file and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. Pending motions, if any, are likewise DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of October.