

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00021-CR

---

CEDRIC DEAN POPE                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 40590-C

----------

## MEMORANDUM OPINION[1]

----------

Pro se appellant Cedric Dean Pope attempts to appeal from the trial court's anticipated judgment "regarding his Motion for New Trial—Newly Discovered Evidence/Actual Innocence." Pope was convicted in 2004 of felony deadly conduct, and this court affirmed the conviction in 2005. *See Pope v.*

---

[1]*See* Tex. R. App. P. 47.4.

*State*, No. 02-04-00085-CR, 2005 WL 3556678, at *1 (Tex. App.—Fort Worth Dec. 29, 2005, no pet.) (mem. op., not designated for publication).

On January 22, 2016, this court sent Pope a letter, informing him of our concern that we lacked jurisdiction over the appeal because the trial court had not entered any appealable orders regarding his motion and because we generally have jurisdiction to consider an appeal in a criminal case only from a judgment of conviction. *See* Tex. R. App. P. 26.2(a)(1); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 1, 3, 5 (West 2015) (setting out post-conviction habeas procedure). We informed Pope that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by February 1, 2016, we would dismiss the appeal for want of jurisdiction.

Pope filed a response, but it does not show grounds for continuing the appeal—to the contrary, Pope agrees that the trial court has not ruled on his motion but that he anticipates an unsuccessful appealable judgment. *Cf. McKown*, 915 S.W.2d at 161 (stating that the court generally only has jurisdiction to consider an appeal by a criminal defendant when there has been a judgment of conviction and lacks jurisdiction to review interlocutory orders unless jurisdiction has been expressly granted to the court by law). Therefore, we dismiss the appeal for want of jurisdiction. *See id.*; *see also* Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 25, 2016