

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00058-CR

DAVEY LYNN CROCKETT          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
## TRIAL COURT NO. 90-052

----------

## MEMORANDUM OPINION[1]

----------

Appellant Davey Lynn Crockett attempts to appeal from an order denying his "Motion To Withdraw the Plea" agreement that he entered into with the State back in 1990. On March 20, 2017, we notified Crockett that, generally, an appellate court may consider appeals by criminal defendants only after a final judgment of conviction, *see McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—

---

[1]*See* Tex. R. App. P. 47.4.

Fort Worth 1996, no pet.), and we informed him that this appeal may be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f), 44.3. Crockett filed two responses, but they do not show grounds for continuing the appeal.[2] We therefore dismiss this appeal for want of jurisdiction. *See Dainwood v. State*, No. 09-07-00424-CR, 2007 WL 2962772, at *1 (Tex. App.—Beaumont Oct. 10, 2007, no pet.) (mem. op., not designated for publication) (holding similarly).

PER CURIAM

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 27, 2017

---

[2]Crockett provides no authority to support his contention that "when the trial court denied his motion, and entered a finding that the trial court did not have the actual 'authority' to grant the relief requested, an 'appealable order' resulted." Perhaps this is because relevant authority holds just the opposite. *See Arms v. State*, No. 14-16-00077-CR, 2016 WL 1357166, at *1 (Tex. App.—Houston [14th Dist.] Apr. 5, 2016, pet. ref'd) (mem. op., not designated for publication) ("An order denying a motion to withdraw a guilty plea is not a separately appealable order.").