

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00262-CR
## NO. 02-17-00263-CR

GALE C. HUTCHINSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1450346D, 1450350D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gale C. Hutchinson filed a pro se notice of appeal seeking to challenge the $250,000 bonds set by the trial court in each underlying cause. On August 22, 2017, we notified Hutchinson and his appointed counsel of our concern that we lack jurisdiction over these appeals because the trial court had not entered any appealable orders. *See McKown v. State*, 915 S.W.2d 160, 161

---

[1]*See* Tex. R. App. P. 47.4.

(Tex. App.—Fort Worth 1996, no pet.) (explaining that we generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction). We stated that unless Hutchinson or any party desiring to continue these appeals filed with the court a response showing grounds for continuing them, we would dismiss both appeals for want of jurisdiction. Hutchinson filed a pro se response, but it does not show grounds for continuing the appeals.

Hutchinson has not provided us with any written order signed by the trial court. *See* Tex. R. App. P. 26.2(a)(1); *Jarvis v. State*, No. 02-15-00410-CR, 2016 WL 741972, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, no pet.) (mem. op., not designated for publication) (stating that to perfect appeal of appealable order in a criminal case, notice of appeal must be filed after trial court signs written order). We therefore dismiss these appeals for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 28, 2017

---

[2]We note that we lack jurisdiction over an appeal from an order setting bail and from the denial of a pretrial motion for bail reduction. *See Ex parte Briscoe*, No. 02-15-00223-CR, 2015 WL 5893470, at *1 n.2 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op., not designated for publication). But we have jurisdiction over an appeal from an order denying a pretrial application for writ of habeas corpus seeking a reduction in bail. *Id.*