**Appeals Dismissed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-18-00554-CR**
**NO. 14-18-00555-CR**

---

**JIM AMIR MOLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1538890 & 1538891**

---

## M E M O R A N D U M   O P I N I O N

***14-18-00555-CR.*** In trial court cause number 1538891 (appeal number 14-18-00555-CR), appellant pleaded guilty to possession of a controlled substance with intent to deliver. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant to two years' imprisonment.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case and the defendant has no

right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

**14-18-00554-CR.** In trial court cause number 1538890 (appeal number 14-18-00554-CR), the State filed a motion to dismiss the case due to appellant's conviction in cause number 1538891. The trial court granted the motion to dismiss. Generally, appeals in criminal cases may be taken from only final judgments of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). No exception to the general rule allows an appeal from an order dismissing the case.

Accordingly, both appeals are **DISMISSED** for lack of jurisdiction.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b)