

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00816-CR

Modesto Celestino **GRANGER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9790
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: December 5, 2018

DISMISSED FOR WANT OF JURISDICTION

On September 11, 2017, in trial court cause number 2017-CR-9790, Appellant was indicted on two counts: count one was for possession with intent to deliver, and count two was for possession of, a controlled substance, namely heroin, in an amount of 400 grams or more.

On October 2, 2018, in trial court cause number 2017-CR-2940, Appellant was convicted of aggravated robbery and sentenced to confinement for thirty-five years.

Citing Appellant's conviction and sentence in trial court cause number 2017-CR-2940, the State moved to dismiss cause number 2017-CR-9790. The trial court granted the State's motion.

Appellant filed a pro se notice of appeal for trial court cause number 2017-CR-9790, which is this appeal, numbered 04-18-00816-CR. Appellant appears to be appealing the trial court's order dismissing trial court cause number 2017-CR-9790.

"With certain exceptions not implicated here, this court has jurisdiction to consider an appeal filed by a criminal defendant only after a final judgment of conviction." *Zamarripa v. State*, No. 04-16-00274-CR, 2016 WL 3085932, at *1 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 44.02); *accord McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) ("Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction.").

We ordered Appellant to cause a trial court certification to be filed in this court showing that Appellant has the right of appeal. A supplemental clerk's record was filed containing the trial court's certification of defendant's right of appeal. The certificate states that the "motion to dismiss [was] granted [and] there is nothing to appeal."

The record shows there is no final judgment of conviction to review; this court's jurisdiction has not been invoked. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown*, 915 S.W.2d at 161. We dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH