

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00159-CR
No. 02-19-00160-CR
No. 02-19-00161-CR

———————————————

MICHAEL TREMAINE SCHEXNAYDER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1533266D, 1533262D, 1530445D

Before Bassel, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Pro se Appellant Michael Tremaine Schexnayder filed a notice of appeal in the trial court on March 22, 2019, challenging the denial of various pretrial motions in his three cases.[1]  On May 28, 2019, we sent Schexnayder a letter expressing our concern that we lack jurisdiction over these appeals because the trial court had not entered any appealable orders.  Our letter further stated,

> Because sentence was imposed on April 10, 2019, the trial court's order on appellant's pretrial petition for writ of habeas corpus appears to be moot.  *See Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999). Otherwise, appellant does not appear to challenge any rulings that are within the limited scope of appealable interlocutory orders in criminal cases, and the notice of appeal appears to be prematurely filed as to the judgment of conviction.  *See* Tex. R. App. P. 27.1(b).[2]

We instructed Schexnayder that unless he filed a response showing grounds for continuing the appeals, we could dismiss them.  *See* Tex. R. App. P. 44.3.  We received no response.

"We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law."  *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  The rulings of which Schexnayder

---

[1]The motions included a motion for pretrial bail reduction, a motion to quash, and a "Motion for Remedy, Cure, and Maintenance."

[2]Unlike a prematurely filed notice of appeal in a civil case, a prematurely filed notice of appeal in a criminal case is a nullity "if filed before the trial court makes a finding of guilt or receives a jury verdict," as happened here.  *See* Tex. R. App. P. 27.1(b).  Moreover, the docket sheet from the trial court reflects that Schexnayder has not filed another notice of appeal since sentence was imposed.

complains are not within the limited scope of appealable interlocutory orders. *See* *Blakely v. State*, No. 02-18-00354-CR, 2018 WL 5833464, at *1 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal from order denying defendant's motion to quash the indictment).

Therefore, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *McKown*, 915 S.W.2d at 161.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 8, 2019