

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-19-00464-CR
_____

LUIS E. CLASS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1507196D

---

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Luis E. Class attempts to appeal from the trial court's pretrial failure to rule on his speedy-trial, bond-reduction, and personal-recognizance-bond motions. While this appeal was pending, the associate judge denied his motion for bond reduction but not in a written order. We notified Appellant of our concern that we lack jurisdiction over this appeal because the trial court had not entered an appealable order or final judgment. We informed Appellant that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3. Appellant filed a timely response, but it does not provide a ground for continuing this appeal.

After Appellant's initial response, he was tried, convicted, and sentenced. He has now appealed that conviction and sentence, and that appeal remains pending. *See Class v. State*, No. 02-20-00019-CR (Tex. App.—Fort Worth filed Jan. 16, 2020). We therefore dismiss his complaints about a pretrial bond reduction and personal recognizance bond as moot. *See Ex parte Brumley*, No. 02-18-00104-CR, 2018 WL 2054625, at *1 (Tex. App.—Fort Worth May 3, 2018, no pet.) (mem. op., not designated for publication) (dismissing bond-reduction appeal because later conviction mooted it).

To the extent Appellant's complaint about the trial court's failure to rule on his speedy-trial motion is not also moot, the rules of appellate procedure provide that a

criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* Tex. R. App. P. 25.2(a)(2); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Even if the trial court had denied Appellant's speedy-trial motion in a written order, that order would be appealable only in an appeal from a final judgment. *See e.g.*, *Mendoza v. State*, No. 06-17-00121-CR, 2017 WL 3908216, at *2 (Tex. App.—Texarkana Aug. 9, 2017, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal from interlocutory orders denying defendant's motion to dismiss the indictment and motion for speedy trial).

Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 6, 2020