

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00139-CR

———————————————————

CORY RAY SHELBY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1601893

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Cory Ray Shelby, proceeding pro se, attempts to appeal from the trial court's alleged "failure to make formal inquiry into *Marsden* hearing [and]/or motion to substitute counsel."[1]

Generally, this court has jurisdiction to consider appeals by criminal defendants only after a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). "We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law." *Id.*

We notified Shelby of our concern that we lack jurisdiction over this appeal because the trial court had not entered any appealable orders. We informed him that we could dismiss the appeal for want of jurisdiction unless, within ten days, he or any party wanting to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f), 44.3. Ten days have passed, and we have received no response. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1]*People v. Marsden*, 465 P.2d 44 (Cal. 1970), is "the seminal [California] case regarding the substitution of appointed counsel." *People v. Horton*, 906 P.2d 478, 498 (Cal. 1995). In *Marsden*, the California Supreme Court held that a trial court must afford a criminal defendant who has moved for substitute counsel based on his appointed counsel's ineffective assistance the opportunity to explain the bases for his claims because "a judge who denies a motion for substitution of attorneys solely on the basis of his courtroom observations, despite a defendant's offer to relate specific instances of misconduct, abuses the exercise of his discretion to determine the competency of the attorney." *Marsden*, 465 P.2d at 48.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 7, 2021