

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00022-CR
No. 02-21-00023-CR
No. 02-21-00024-CR
No. 02-21-00025-CR
No. 02-21-00026-CR
No. 02-21-00027-CR

———————————————————

WESLEY TROY SHIELDS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court Nos. 1581601D, 1581798D, 1591900R, 1600961D, 1647523D, 1652306R

AND

No. 02-21-00043-CR

_____

EX PARTE WESLEY TROY SHIELDS

On Appeal from County Criminal Court No. 5
Tarrant County, Texas
Trial Court No. 1567657

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Throughout 2019 and 2020, appellant Wesley Troy Shields filed a series of habeas applications seeking a bond reduction, along with a motion and a letter presenting similar requests. On March 1, 2021, the trial court held a hearing on Shields's requests and signed several certificates of proceedings indicating that the trial court altered the bond for many of Shields's cases. Shields appealed the constitutionality of the trial court's actions. He maintained that at the same time the trial court had lowered bond for some of his cases, the court had raised bond for others, such that the net reduction was only $10,000.

On March 29, 2021, we notified Shields of our concern that we lacked jurisdiction over his appeals because the trial court had not rendered any appealable written orders. We generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). In this case, the trial court has not signed a written order denying Shields's pro se requests for habeas relief; this court has previously rejected urgings to treat certificates of proceedings as appealable orders. *See Ex parte Darnell*, Nos. 02-19-00466-CR, 02-20-00046-CR, 02-20-00047-CR, 2020 WL 1293692, at *3 (Tex. App.—Fort Worth Mar. 19, 2020, pet. ref'd) (mem. op., not designated for publication); *Langlais v. State*, No. 02-17-00248-CR, 2017 WL 4296447, at *1 (Tex. App.—Fort Worth Sept. 28, 2017, no pet.) (mem. op., not designated for

2

publication); *see also State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015). In our letter, we stated that unless Shields or another party filed a response within ten days showing grounds for continuing the appeals, we could dismiss the appeals. Tex. R. App. P. 44.3. We sent Shields a similar letter on May 4, 2021, again warning him of the possibility of dismissal unless a response was filed within ten days that justified retaining the appeals.

As of today's date, we have not received a response. Accordingly, we dismiss these appeals for want of jurisdiction. Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 17, 2021