

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00119-CR
No. 02-22-00120-CR

———————————————————

DWIGHT WAYNE ROGERS JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court Nos. F-2007-1147-A, F-2007-1148-A

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

In these two appeals, Appellant Dwight Wayne Rogers Jr. attempts to appeal from the trial court's order denying his motion for release of records. Rogers did not file that motion until well after he was convicted of four counts of aggravated sexual assault of a child and our court affirmed his convictions. *See Rogers v. State*, Nos. 2-08-479-CR, 2-08-480-CR, 2010 WL 1999073, at *1 (Tex. App.—Fort Worth May 20, 2010, pet. ref'd) (per curiam) (mem. op., not designated for publication) (affirming Rogers's convictions).

In the criminal context, our jurisdiction is generally limited to cases in which the trial court has signed a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We do not have jurisdiction to review a trial court's orders unless that jurisdiction has been expressly granted by statute. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The order from which Rogers attempts to appeal is not a final judgment of conviction nor is it a nonfinal order that has been made appealable by statute. *See Petite v. State*, No. 02-20-00030-CR, 2020 WL 1057318, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op., not designated for publication) (holding that trial court's denial of motion for discovery that was filed "well after [appellant] was convicted of murder in the underlying case" was "not a final judgment of conviction, nor [was] it a nonfinal order that ha[d] been made appealable by statute").

We notified Rogers of our jurisdictional concern and stated that we would dismiss these appeals for want of jurisdiction unless we received a response showing grounds for continuing them.  *See* Tex. R. App. P. 43.2(f), 44.3.  Although Rogers filed a response, it does not show grounds for continuing these appeals.  Accordingly, we dismiss these appeals for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f); *McKown*, 915 S.W.2d at 161.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 11, 2022