

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00483-CR

Christopher T. **BRADY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR10918
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:    Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: June 28, 2023

DISMISSED FOR LACK OF JURISDICTION

On May 1, 2023, appellant filed a pro se notice of appeal, which states he is appealing from a sentence imposed on September 3, 2022. The clerk's record, however, does not contain a judgment imposing sentence on September 3, 2022; it contains only a true bill of indictment, which was filed on November 15, 2022, and appellant's notice of appeal. Additionally, the trial court clerk has advised the clerk of this court that no hearing or trial was held in this case on September 3, 2022, and that appellant is still awaiting trial in this matter.

Generally, this court has jurisdiction to consider an appeal by a criminal defendant only when there has been a final judgment of conviction or other appealable order. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Without a final judgment or other appealable order, this court has no jurisdiction to entertain an appeal. *See* TEX. R. APP. P. 25.2(a)(2) ("A defendant in a criminal case has the right of appeal under the Code of Criminal Procedure article 44.02 and these rules."); 26.2(a) (stating that a defendant's notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court or the trial court enters an appealable order unless a motion for new trial is filed); *see also* TEX. CODE CRIM. PROC. art. 44.02.

The Texas Rules of Appellate Procedure provide that in a criminal case, a prematurely filed notice of appeal "is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court." TEX. R. APP. P. 27.1(b). "But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict." *Id*. Accordingly, a defendant's premature notice of appeal in a criminal case invokes our jurisdiction if filed after there has been a finding of guilt or a jury verdict but before sentencing. *See id*. However, a defendant's premature notice of appeal does not invoke our jurisdiction if filed before a finding of guilt or a jury verdict. *See id*.

In our order of May 16, 2023, we explained that because the record did not reflect a finding of guilt or a jury verdict, it appeared appellant's notice of appeal is not effective and we have no jurisdiction over this appeal. *See id*. We therefore ordered appellant to show cause on or before May 26, 2023 why this appeal should not be dismissed for lack of jurisdiction. Appellant has not responded to our order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish