

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00233-CR

_____

JOSEPH DINGLER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1749454

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Joseph Dingler is awaiting trial on a drug-possession charge. Although he has appointed counsel, Dingler, acting pro se, filed a document entitled "*SPECIAL APPEARANCE*: Notice of Appeal and Brief on Appeal." We wrote to Dingler expressing our concern that we lack jurisdiction over his appeal because the trial court has not entered any appealable orders. We explained that in criminal cases, our jurisdiction is generally limited to appeals from conviction judgments. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). We warned Dingler that unless he or any party filed a response showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3.

Dingler's appointed counsel has not responded, but Dingler has. In his pro se responses, Dingler asserts that the trial court lacks personal and subject-matter jurisdiction and complains about his appointed counsel's representation and the trial court's administration of his case.[1] He also asks for additional time to further respond to our jurisdictional inquiry. In addition to his response, Dingler has filed motions to

---

[1]In one of his responses, Dingler requests that we alternatively construe his filings as a petition for writ of mandamus. We have done so, and we deny mandamus relief. *See* Tex. R. App. P. 52.3, 52.8(a); *In re Commitment of Renshaw*, 672 S.W.3d 426, 427–28 (Tex. 2023) (orig. proceeding) (directing court of appeals to consider Renshaw's alternative request for mandamus relief).

disqualify the trial-court judge and to disqualify and substitute Dingler's appointed counsel.

In criminal cases, we generally have jurisdiction over appeals by criminal defendants only after conviction, and we have no "jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law." *McKown*, 915 S.W.2d at 161. Here, Dingler's case is still pending in the trial court, and there is no conviction judgment. And Dingler did not identify in his response any appealable interlocutory orders. Accordingly, we deny Dingler's request for additional time to respond to our letter and his pending motions, and we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *McKown*, 915 S.W.2d at 161.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 26, 2023