

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00083-CR

_____

JOSEPH KELLY DINGLER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1749454

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Joseph Kelly Dingler attempts to appeal from a yet-to-be-signed order on his "Special Appearance And Plea To The Jurisdiction Petition For Pretrial Writ of Habeas Corpus" (collectively, the Motion).[1]

Dingler filed his notice of appeal pro se despite the fact that he has appointed counsel. In his notice of appeal, Dingler states that the Motion has "sat idle" in the trial court and that he "believes [the Motion] has been constructively denied by the trial court."

On March 7, 2024, we notified Dingler and his appointed counsel of our concern that we lack jurisdiction over this appeal. We explained that in criminal cases, our jurisdiction is generally limited to appeals from conviction judgments. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). We warned Dingler that unless he or any party desiring to continue the appeal filed a response by March 18, 2024, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3.

---

[1]In a previous appeal arising from this same trial court cause number, Dingler filed a document entitled "*SPECIAL APPEARANCE*: Notice of Appeal and Brief on Appeal." *See Dingler v. State*, No. 02-23-00233-CR, 2023 WL 7037611, at *1 (Tex. App.—Fort Worth Oct. 26, 2023, no pet.) (mem. op., not designated for publication). We sent Dingler a jurisdiction letter in that appeal due to our concern that the trial court had not entered any appealable orders. *See id.* After Dingler failed to identify any appealable interlocutory orders in response to our jurisdiction letter in that appeal, we dismissed it for want of jurisdiction. *See id.*

Dingler's appointed counsel responded to our jurisdiction letter, noting that he had "no knowledge" of Dingler's notice of appeal until he had received our letter and that Dingler's case was still pending in the trial court. Although Dingler filed a pro se response to our jurisdiction letter, that response does not show grounds for continuing the appeal.[2] Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) ("We conclude that, because there is no written order from which to appeal, the court of appeals correctly held that it has no jurisdiction over the [S]tate's appeal, and we affirm the judgment of that court."); *Autrey v. State*, No. 05-22-00180-CR, 2022 WL 1448042, at *1 (Tex. App.—Dallas May 9, 2022, no pet.) (mem. op., not designated for publication) ("Although appellant filed a motion . . . , the trial court did not sign and enter an appealable order. Therefore, appellant's notice of appeal does not confer jurisdiction upon this [c]ourt.").

---

[2]In his pro se response, Dingler requests additional time to fully respond to our jurisdiction letter. However, because Dingler has appointed counsel, we do not consider that request. *See Camacho v. State*, No. 02-12-00627-CR, 2013 WL 362777, at *1 n.2 (Tex. App.—Fort Worth Jan. 31, 2013, no pet.) (mem. op., not designated for publication) (stating that court would not consider pro se appellant's request for extension of time to respond to jurisdiction letter when appellant had appointed counsel); *see also Kenney v. State*, No. 02-19-00313-CR, 2021 WL 832718, at *7 n.4 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op., not designated for publication) ("A defendant has no absolute right to hybrid representation, so courts may ignore pro se motions filed by defendants with appointed counsel.").

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 4, 2024