

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00221-CR

_____

JOSEPH DINGLER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1749454

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Joseph Dingler attempts to appeal from an order finding him incompetent to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46B.005(c) (authorizing incompetency determination without trial in certain circumstances), art. 46B.054 (providing for uncontested incompetency finding). But such an order is not subject to interlocutory appeal. *See id.* art. 46B.011 (prohibiting interlocutory appeal from "determination or ruling under Article 46B.005"); *MacWilliams v. State*, No. 04-24-00060-CR, 2024 WL 950606, at *1 (Tex. App.—San Antonio Mar. 6, 2024, no pet.) (per curiam) (mem. op., not designated for publication) (explaining that order finding defendant incompetent to stand trial is not subject to interlocutory appeal); *accord. Scott v. State*, No. 03-24-00165-CR, 2024 WL 2001609, at *1 (Tex. App.—Austin May 7, 2024, pet. ref'd) (mem. op., not designated for publication); *Salas v. State*, No. 02-22-00056-CR, 2022 WL 2753448, at *1 (Tex. App.—Fort Worth July 14, 2022, no pet.) (per curiam) (mem. op., not designated for publication).

Because an appealable order or final judgment is necessary for this court to obtain jurisdiction, *see Salas*, 2022 WL 2753448, at *2; *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam), and because there is no record of either in this case, we warned Dingler that we would dismiss his appeal unless he showed grounds for continuing it. *See* Tex. R. App. P. 44.3. Dingler responded by summarizing the issues he intends to raise on appeal—"two questions

2

of first impression" and various constitutional challenges—but he did not identify any legal basis for our exercise of jurisdiction over those issues.[1]

Accordingly, we dismiss the appeal for want of jurisdiction.[2]  Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 1, 2024

---

[1]Dingler later filed a motion for emergency relief as well, complaining of "increased restraint of [his] liberty" at the jail.  But, like his response to our letter warning of dismissal, Dingler's motion did not identify a legal basis for our exercise of jurisdiction.

[2]All motions pending in this appeal are denied.