

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00882-CR

Michael Adam **KOZITZKI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR012870
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Velia J. Meza, Justice

Delivered and Filed: March 5, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant, acting *pro se*, filed a notice of appeal on December 23, 2024, purporting to appeal on the basis of ineffective assistance of counsel, violation of his right to speedy trial, and other constitutional violations. Thereafter, the trial court clerk filed the clerk's record. The clerk's record does not contain a final judgment of conviction. "With certain exceptions …, this court has jurisdiction to consider an appeal filed by a criminal defendant only after a final judgment of conviction." *Zamarripa v. State*, No. 04-16-00274-CR, 2016 WL 3085932, at *1 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM.

PROC. art. 44.02); *accord McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) ("Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction.").

On January 23, 2025, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant did not timely respond or otherwise explain how this court has appellate jurisdiction. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. art. 44.02; *McKown*, 915 S.W.2d at 161; *Zamarripa*, 2016 WL 3085932, at *1.

PER CURIAM

DO NOT PUBLISH