

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00362-CR

_____

MICHAEL CHRISTOPHER LEE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1881831

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Michael Christopher Lee filed a notice of appeal, but we have no record of a final judgment or an appealable order.

On October 3, 2025, we notified Lee of our concern that we lack jurisdiction over this appeal. We explained that in criminal cases, our jurisdiction is generally limited to appeals from judgments of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). We warned Lee that unless he or any party desiring to continue the appeal filed a response by October 13, 2025, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. Lee has not filed a response.[1]

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *McKown*, 915 S.W.2d at 161.

/s/ Brian Walker
Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 30, 2025

---

[1]Lee's notice of appeal states that he seeks to appeal "from the conviction." However, a judgment of conviction has not been signed in this case. We note that Lee's notice of appeal followed the trial court's order denying his motion to reduce bond. If that is the order that he seeks to appeal, then we lack jurisdiction to hear the appeal. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (holding that courts of appeals lack jurisdiction to hear interlocutory appeals of pretrial orders regarding excessive bail or denial of bail).