

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00132-CR
No. 02-19-00133-CR
No. 02-19-00134-CR
No. 02-19-00135-CR

———————————————————

NORMAN L. AGNEW, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1475324D, 1434387D, 1434386D, 1429034D

Before Kerr, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Pursuant to plea agreements, Norman L. Agnew pleaded guilty to multiple felony offenses: bail jumping, unlawful possession of a firearm, theft of a firearm, and injury to a child causing bodily injury. *See* Tex. Penal Code Ann. §§ 38.10(f), 22.04(f), 31.03(e)(4)(C), 46.04(a), (e). Agnew also pleaded true to an enhancement paragraph for each offense. In December 2017, the trial court found Agnew guilty of each offense and found each enhancement paragraph true. In accordance with the plea agreements, the trial court sentenced him to 15 years' confinement for each offense and ordered that the sentences run concurrently.

In March 2019, Agnew filed a pro se postconviction motion in each of his trial-court cases asking the trial court to reduce his sentence to six years. The trial court denied the motion, and Agnew has appealed.

On April 12, 2019, we notified Agnew of our concern that we lack jurisdiction over his appeals because the trial court has not entered any appealable orders. We explained that an appellate court may generally consider appeals by criminal defendants only after a final judgment of conviction, *see McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.), and that a trial court's order denying a sentence-reduction motion is not an exception to this rule. *See Bauder v. State*, No. 02-15-00106-CR, 2015 WL 6081499, at *1 (Tex. App.—Fort Worth Oct. 15, 2015, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 11.07. We further informed Agnew that his appeals could be dismissed

for want of jurisdiction unless, within ten days, he or any other party desiring to continue the appeals filed a response showing grounds for continuing them. *See* Tex. R. App. P. 43.2(f), 44.3. We have received no response.

"After a felony conviction becomes final, the procedure outlined in article 11.07 of the code of criminal procedure is a prisoner's exclusive remedy for relief; this court has no jurisdiction." *Bauder*, 2015 WL 6081499, at *1; *see* Tex. Code Crim. Proc. Ann. art. 11.07 §§ (1), (3)(a), (5); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief by ordering trial court to vacate a felony conviction on the basis of an allegedly invalid guilty plea). We therefore dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Bauder*, 2015 WL 6081499 at *1.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 11, 2019