

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00409-CR

———————————————

DARRELL DARCELL DARBY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 0807929A

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

In 2003, a jury found Appellant Darrell Darcell Darby guilty of capital murder and assessed his punishment at life, and the trial court entered judgment accordingly.[1] Over sixteen years later, Appellant filed a pro se "Motion to Reopen Punishment" in the trial court.[2] Appellant has filed a pro se notice of appeal, attempting to challenge the trial court's October 9, 2019 order denying this motion.

We notified Appellant by letter of our concern that we lack jurisdiction over this matter because the trial court has not entered any appealable orders. We advised that the appeal may be dismissed unless he or any party desiring to continue the appeal filed a response by November 18, 2019, that showed grounds for continuing the appeal. Appellant filed an untimely response styled as a Motion for Rehearing.

In the interest of justice, we reviewed the substance of the Motion for Rehearing for arguments responsive to our letter; it does not cite any authority granting us jurisdiction over this appeal. Appellant's arguments focus on whether the trial court had plenary jurisdiction to consider the relief he requested in the trial court. But even if we assume that the trial court had jurisdiction, Appellant conflates the issue of whether the trial court had jurisdiction to grant the relief sought with the issue of whether we have jurisdiction to consider an appeal based upon the trial

---

[1]We affirmed the judgment on direct appeal in *Darby v. State*, 145 S.W.3d 714 (Tex. App.—Fort Worth 2005, pet. ref'd).

[2]We note that the cause number for his 2003 conviction was 0807929D, but Appellant filed his motion using cause number 0807929A.

court's denial of that relief. *See Kurosky v. State*, No. 2-10-00202-CR, 2011 WL 255672, at *1 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (per curiam) (mem. op. on reh'g, not designated for publication). These are different things. And Appellant has not directed us to, and we have not found, any provision authorizing his appeal from an order denying his "Motion to Reopen Punishment."

In criminal cases, unless expressly authorized by law, appellate courts have jurisdiction to review only final judgments. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law). An appellate court may generally consider appeals by criminal defendants only after a final judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam).

Appellant's "Motion to Reopen Punishment" was a collateral attack on his 2003 conviction because, among other things, it challenged the evidence at trial supporting his conviction. The post-conviction habeas corpus procedure set out in the Texas Code of Criminal Procedure is the sole procedure for collaterally attacking final felony convictions. *See Williams v. State*, No. 05-14-01219-CR, 2014 WL 5100263, at *1 (Tex. App.—Dallas Oct. 13, 2014, no pet.) (mem. op., not designated for publication) (citing Tex. Code Crim. Proc. Ann. arts. 11.05, 11.07). We do not generally have jurisdiction over proceedings relating to a collateral attack of a final felony conviction. *See Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996);

3

*see also Russell v. State*, Nos. 02-15-00464-CR, 02-15-00465-CR, 2016 WL 757666, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeals relating to trial court's purported failure to rule on defendant's Motions to Reform Judgment for lack of jurisdiction because the motions were collateral attacks on final felony convictions); *In re Palmer*, No. 02-15-00003-CV; 2015 WL 234290, at *1 (Tex. App.—Fort Worth Jan. 16, 2015, orig. proceeding) (mem. op., not designated for publication) (dismissing petition for writ of mandamus for want of jurisdiction because relator's requested relief, correcting a defective certification of the right to appeal, was a collateral attack on his conviction because it was based on challenges to the validity of his final conviction); *Williams*, 2014 WL 5100263, at *1 (dismissing appeal relating to pro se motions to correct a void judgment and to recuse the presiding trial court judge for lack of jurisdiction); *Hinkle v. State*, No. 02-11-00214-CR, 2012 WL 4663064, at *1 (Tex. App.—Fort Worth Oct. 4, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction when appellant's argument relating to a post-conviction motion for DNA testing was based on a collateral attack upon the judgment of conviction).

Accordingly, we lack jurisdiction to decide the merits of Appellant's appeal. When we lack jurisdiction to act, we have no power to dispose of the purported appeal in any manner other than dismissal for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 523.

We dismiss this appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Do Not Publish
Tex.R. App. P. 47.2(b)

Delivered:  January 16, 2020