

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00446-CR

———————————————

ROBERT DARREN DUVALL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1511886D

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Robert Darren Duvall, appearing pro se, pleaded guilty in July 2018 to violating a protective order. Duvall appears to attempt to appeal from the trial court's denial of his "Motion To Reverse Final Judgment" based upon new evidence and his "Petition To Reverse Final Judgment." These motions, which Duvall filed in June 2019, appear to attack his 2018 conviction and constitute untimely motions for new trial.

On December 10, 2019, we sent Duvall a letter explaining our concern that we lack jurisdiction over his appeal because the trial court's order does not appear to be an appealable order. We further explained that

> [w]e generally have jurisdiction to consider an appeal in a criminal case only from a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Article 11.07 of the code of criminal procedure is the exclusive means for challenging a final felony conviction, and this court has no jurisdiction over matters relating to postconviction applications under article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

We stated that unless any party desiring to continue the appeal filed on or before December 20, 2019, a response showing grounds for continuing this appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3. Duvall filed a response, but it does not show grounds for continuing the appeal.[1]

---

[1]On January 16, 2020, Duvall filed a motion for extension of time to respond to our jurisdiction letter. We deny that motion as moot.

Because we have no jurisdiction over this appeal from the trial court's denial of Duvall's untimely motions that are in the nature of a motion for new trial, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f), 44.3.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 23, 2020

---

[2]The trial court likewise lacked jurisdiction to entertain Duvall's "Motion To Reverse Final Judgment" based upon new evidence and his "Petition To Reverse Final Judgment." Article 40.001 of the Texas Code of Criminal Procedure provides that motions for new trial shall be granted when material evidence favorable to the accused surfaces after trial. Tex. Code Crim. Proc. Ann. art. 40.001. However, Texas Rule of Appellate Procedure 21.4 requires that a motion for new trial be filed no later than thirty days after the date the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4. Thus, even motions based on newly discovered material evidence must be filed within thirty days of the trial court's imposition or suspension of sentence in open court. *See Williams v. State*, Nos. 02-17-00249-CR, 02-17-00250-CR, 02-17-00251-CR, 2017 WL 4819417, at *2 n.3 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op., not designated for publication) (per curiam) (collecting cases). A trial court lacks jurisdiction to rule on an out-of-time motion for new trial. *Id.* (citing *State ex rel. Holmes v. Third Court of Appeals of Tex.*, 860 S.W.2d 873, 876 n.2 (Tex. Crim. App. 1993), and *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989)). The trial court therefore had no jurisdiction to rule on Duvall's motions that were in the nature of late-filed motions for new trial. *See id.*