

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00066-CR

_____

Ex parte Anthony Prescott

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F15-1942-211-WHC1

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

On February 11, 2020, Anthony Prescott filed an application for writ of habeas corpus in the trial court seeking relief regarding two 2017 convictions for robbery. On February 20, 2020, the trial judge signed an order adopting the State's Proposed Findings of Fact and Conclusions of Law and recommending to the Court of Criminal Appeals that appellant's requested relief be dismissed. This court received a copy of that order along with Prescott's notice of appeal on March 17, 2020. We have received no documents indicating that appellant is currently being prosecuted for any new offense.

Because this court was concerned that the trial court's signed order adopting the State's Findings of Fact and Conclusions of Law is not an appealable order, we notified Prescott via letter of our jurisdictional concern and stated that we would dismiss this appeal for want of jurisdiction unless we received a response showing grounds for continuing it. Although Prescott filed a response, it does not show grounds for continuing this appeal.

In the criminal context, our jurisdiction is generally limited to cases in which the trial court has signed a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We do not have jurisdiction to review a trial court's orders unless that jurisdiction has been expressly granted by statute. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The order from which Prescott attempts to appeal is not a final judgment of conviction, nor is it a nonfinal

2

order that has been made appealable to this court by statute. *See Ex Parte Rust*, No. 05-11-00588-CR, 2011 WL 2449625, at *1 (Tex. App.—Dallas June 21, 2011, no pet.) (mem. op., not designated for publication) (dismissing appeal from habeas proceeding for lack of jurisdiction because record contained no final appealable order even though record contained trial court's order adopting findings of fact and conclusions of law).

Moreover, this court has no jurisdiction over postconviction applications for writs of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (stating that "[j]urisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with" the Court of Criminal Appeals). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Keene*, 910 S.W.2d at 483; *McKown*, 915 S.W.2d at 161.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 23, 2020

3