

## NUMBER 13-21-00278-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ROBERT EUGENE BARGANSKI,                                          Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Silva**

Upon review of the documents before the Court, it appears there is no final appealable order. On August 27, 2021, appellant attempted to appeal the waiver of his defendant's right to appeal in cause number A-05-5105-CR and argues there was no evidence to support the conviction. On August 30, 2021, the Clerk of the Court notified

appellant that the notice of appeal was untimely. On September 14, 2021, appellant filed an amended notice of appeal which does not cure this defect.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161. Therefore, we conclude the trial court's certification of defendant's right to appeal is not a final, appealable order.

Furthermore, this Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988

2

S.W.2d 240 (Tex. Crim. App. 1999). Therefore, we conclude appellant's notice of appeal, which was filed more than fifteen years after the final judgment was entered, is untimely.

The Court, having examined and fully considered the notice of appeal, is of the opinion that the trial court's certificate of defendant's right to appeal is not a final, appealable order, and, in all other ways, this Court lacks jurisdiction over the matters herein. Accordingly, appellant's motion to appoint attorney is dismissed for lack of jurisdiction, and the appeal is dismissed for lack of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of September, 2021.