

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00193-CR

———————————————

PHILLIP JAY STERLING JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1583147

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Phillip Jay Sterling Jr. attempts to appeal from an order denying his pro se[1] motion to disqualify or recuse the trial court judge, but this order is not subject to interlocutory appeal.

Generally, in criminal cases, our jurisdiction is limited to appeals from (1) judgments of conviction or (2) interlocutory orders made appealable by statute. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *Davalos v. State*, No. 02-22-00321-CR, 2023 WL 4779821, at *1 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op., not designated for publication). An order denying a motion to disqualify or recuse is neither a judgment of conviction nor an interlocutory order made appealable by statute. *Reger v. State*, No. 02-21-00049-CR, 2021 WL 2586619, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op., not designated for publication) (explaining that a "stand-alone interlocutory order denying the recusal motion is not appealable").

We notified Sterling of our concern that we lacked jurisdiction over his appeal, and we warned that we would dismiss the appeal for want of jurisdiction unless, within ten days, Sterling or any other party furnished this court with a signed copy of

---

[1]The record indicates that Sterling is represented by counsel in the trial court, yet he filed his motion to disqualify or recuse pro se. Sterling was not entitled to hybrid representation, so the trial court could have disregarded Sterling's pro se motion. *See Tracy v. State*, 597 S.W.3d 502, 509 (Tex. Crim. App. 2020); *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

a final judgment or an appealable order. *See* Tex. R. App. P. 44.3. More than a month has passed since then, and we have not received a response.

Accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 43.2(f); *Reger*, 2021 WL 2586619, at *1 (similarly dismissing for want of jurisdiction).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 28, 2023