

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00146-CR

———————————————————

ALLEN "F" CALTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 0843168

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Allen "F" Calton filed a notice of appeal from "all judgments and orders entered by" the district court. Calton did not provide this court with a copy of any order from which he may be appealing. But his notice of appeal stated that he had filed a "Federal Law Habeas Petition," which he "ha[d] reason to believe" had been denied by the district court. Calton stated that the district court had issued an "Advisory Regarding Pro Se Filings," but Calton had not learned about the advisory until months after its signing because the Tarrant County District Clerk's office's "extreme animosity" toward him has led to the office's refusal to file his papers[1] or forward to him orders issued by the district court.

We generally have jurisdiction to consider an appeal in a criminal case only from a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no writ) (per curiam). Once a felony conviction becomes final,

---

[1]Calton has been declared to be a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001, 11.054 (providing that a person may be declared a vexatious litigant if, among other things, the person has commenced, prosecuted, or maintained at least five civil actions, each of which has been determined by a court to be frivolous or groundless); Vexatious Litigants, https://www.txcourts.gov/judicial-data/vexatious-litigants (including Calton in list of vexatious litigants). Additionally, the Court of Criminal Appeals has ordered that the court will not accept any future habeas application from Calton attacking his conviction unless he shows that the claims presented in the application had not been and could not have been presented in previous habeas applications. *Ex parte Calton*, No. WR-65,590-13, 2008 WL 2223894, at *1 (Tex. Crim. App. May 28, 2008) (order) (ordering that Calton's claims in his habeas application in that case were barred from review under Article 11.07 and waived by his abuse of the writ).

Texas Code of Criminal Procedure Article 11.07 is the exclusive means for challenging the conviction, and this court has no jurisdiction over matters relating to postconviction habeas applications under Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). Calton is already aware of this limitation on our jurisdiction. *See Calton v. State*, No. 02-16-00221-CR, 2017 WL 2375769, at *1 (Tex. App.—Fort Worth June 1, 2017, no pet.) (per curiam) (mem. op., not designated for publication).

We notified Calton of our concern that we lacked jurisdiction over his appeal. We cautioned him that we would dismiss the appeal unless he or any other party filed with this court a response showing grounds for continuing the appeal. Calton filed a response, but it does not show any ground for continuing the appeal.

One part of Calton's response appears to be seeking mandamus relief directed at the judge of the 213th District Court, ordering him to "carr[y] out his ministerial duty and exercise his plenary authority and power to issue the 'Federal Law Habeas Petition.'" In it, he asserts that the district court's "Advisory Regarding Pro Se Filings"[2] stated that the court did not have jurisdiction over Calton's habeas application, and he argues that this determination was incorrect.

---

[2]Calton attached to his response a document that purports to be a copy of this advisory. The document stated that Calton had sent several letters to the district court, which Calton characterized as a federal habeas petition to be decided under federal law, apparently in an effort to avoid the effect of the Court of Criminal Appeals's

3

Even if we construed his notice of appeal as a mandamus petition, we do not have jurisdiction to issue mandamus relief in this matter. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (per curiam) (stating that "Article 11.07 contains no role for the courts of appeals" and that "[s]hould an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals"); *cf. In re Qadir*, No. 02-20-00244-CV, 2020 WL 4689900, at *1 (Tex. App.—Fort Worth Aug. 13, 2020, no pet.) (per curiam) (mem. op.). Only the Court of Criminal Appeals has that authority. *See McAfee*, 53 S.W.3d at 718.

Because we have no jurisdiction over Calton's appeal, we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 24, 2025

---

order or a vexatious litigant order previously entered against him by a federal court. The document further noted that Calton has repeatedly sought habeas relief raising the same grounds that he appeared to be trying to assert in his current filings. The document stated that because the district court had no jurisdiction over federal habeas claims, the court would take no further action on Calton's attempted federal habeas petition.

4