

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00247-CR

———————————————————

JOHNNY CALVIN SCOTT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1359184R

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In 2015, this court affirmed Appellant Johnny Calvin Scott's conviction and life sentence for capital murder. *See Scott v. State*, No. 02-14-00183-CR, 2015 WL 3523155, at \*1 (Tex. App.—Fort Worth June 4, 2015, pet. ref'd) (mem. op., not designated for publication). The mandate—signaling the end of the appellate process—issued on January 8, 2016.

On July 22, 2025, Scott, proceeding pro se, filed an eleven-page notice of appeal asserting newly discovered evidence. The notice of appeal did not attach or reference any new appealable order from the trial court.

We notified Scott by letter that we had received a copy of his notice of appeal. In our letter, we informed Scott of our concern that we lack jurisdiction over this appeal because the trial court has not entered any appealable orders.[1] We noted that

> [w]e generally have jurisdiction to consider an appeal in a criminal case only from a judgment of conviction or an interlocutory order made appealable by statute. *See Abbott v. State*, 271 S.W.3d 694, 697 & n.8 (Tex. Crim. App. 2008); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). Additionally, Article 11.07 of the Texas Code of Criminal Procedure is the exclusive means for challenging a final felony conviction, and this court has no jurisdiction over matters relating to postconviction applications under Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

---

[1]The trial court clerk confirmed that the trial court has not signed any recent orders in this case.

We warned Scott that this appeal could be dismissed for want of jurisdiction unless he or any party filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f), 44.3. Scott filed a response, but it does not show grounds for continuing the appeal.

Because the trial court has not entered any appealable orders, and because this court has no jurisdiction over matters relating to postconviction applications under Article 11.07, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Keene*, 910 S.W.2d at 483; *McKown*, 915 S.W.2d at 161.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 14, 2025